UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **SHOCKWATCH, INC. d/b/a SPOTSEE,**<br><br>    Plaintiff,<br><br>v.<br><br>**WAN-YO ENTERPRISE CO., LTD.,**<br><br>    Defendants. | **Case No.  1:23-cv-1450**<br><br>**JURY TRIAL DEMANDED** |

### ORIGINAL COMPLAINT FOR PATENT AND TRADEMARK INFRINGEMENT

Plaintiff, ShockWatch, Inc. d/b/a SpotSee, files this Original Complaint for Patent and Trademark Infringement against Defendant, WAN-YO Enterprise Co., Ltd., and alleges as follows:

#### I. Parties

1. Plaintiff ShockWatch, Inc. d/b/a SpotSee ("SpotSee" or "Plaintiff") is a Nevada corporation, having a principal place of business at 5501 Lyndon B. Johnson Fwy., Suite 400, Dallas, Texas 75240.

2. On information and belief, Defendant WAN-YO Enterprise Co., Ltd. ("Wan-Yo" or "Defendant") is a Taiwanese company, having a principal office at 14F-8, No. 77, Sec. 1, Xintai 5th Road., Xizhi Dist., New Taipei City 221, Taiwan.

#### II. Jurisdiction and Venue

3. This action arises under the patent laws of the United States, Title 35, United States Code § 1, *et seq*. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

4. This action also arises under the trademark laws of the State of Texas and of the

United States, Title 15, United States Code § 1, *et seq*. This Court has subject matter jurisdiction over this action under Section 39 of the Lanham Act, 15 U.S.C. §§1331 and 1338, and has supplemental jurisdiction over the state law claims under 28 U.S.C. §1367.

5. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction, pursuant to due process and the Texas Long-Arm Statute, due at least to its business in this forum, including at least a portion of the infringements alleged herein. Furthermore, Defendant is subject to this Court's specific and general personal jurisdiction because Defendant is a foreign company or corporation.

6. On information and belief, within this State and this District, Defendant has made, used and/or sold SpotSee's patented inventions thereby committing and continuing to commit acts of patent infringement alleged herein. Further, on information and belief, Defendant has offered and/or sold in the State and District impactor sensor products bearing infringing identical or otherwise confusingly similar name or trademark of SpotSee, thereby committing and continuing to commit acts of trademark and unfair competition alleged herein. On information and belief, Defendant has derived revenues from its infringing acts occurring within Texas and the Western District of Texas. Moreover, on information and belief, Defendant is subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to persons or entities in Texas and the Western District of Texas. Further, on information and belief, Defendant is subject to the Court's personal jurisdiction at least due to its sale of products and/or services within Texas and the Western District of Texas. Defendant has committed such purposeful acts and/or transactions in Texas and the Western District of Texas such that it reasonably should know and expect that it could be haled into this Court as a consequence of such

activity.

7.      Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c) and (d) and 1400(b). In particular, § 1391(c)(3) provides that a defendant not resident in the U.S. may be sued in any judicial district. On information and belief, Defendant is incorporated in Taiwan and may be sued in this District. On information and belief, Defendant is a business selling to customers in this District, delivering infringing products in this District, and storing infringing products in this District, and has other regular and established place of business in this District. On information and belief, a substantial part of the acts or omissions giving rise to the claims occurred in this District.

8.      For these reasons, personal jurisdiction exists and venue is proper in this Court.

### III.  Factual Background

9.      SpotSee is a business that manufactures and sells, among other products, impact sensors. A photo of one of SpotSee's impact sensor products is shown in Exhibit A.

10.     SpotSee owns all right, title and interest in United States Letters Patent No. 9,423,312 (the "'312 Patent") entitled "Impact Indicator," which was duly and legally issued by the United States Patent & Trademark Office (PTO) on August 23, 2016 after full and fair examination. A copy of the '312 Patent is attached as Exhibit B.

11.     Defendant is infringing and/or inducing others to infringe by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States, products or processes that practice one or more inventions claimed in the SpotSee '312 Patent.

12.     Defendant's infringing products or processes include the product shown in Exhibit C.

13.     Defendant has profited through infringement of the SpotSee '312 Patent. As a

result of Defendant's unlawful infringement of the SpotSee '312 Patent, SpotSee has suffered and will continue to suffer damage. SpotSee is entitled to recover from Defendant the damages suffered by SpotSee as a result of Defendant's unlawful acts.

14. On information and belief, Defendant has known of the SpotSee '312 Patent. SpotSee hereby notifies Defendant of the SpotSee '312 Patent and demands that Defendant halt infringing activities.

15. On information and belief, Defendant continues and will continue its unlawful infringing activity, and SpotSee continues and will continue to suffer irreparable harm, for which there is no adequate remedy at law, from such unlawful activity unless Defendant is enjoined by this Court.

16. SpotSee owns all right, title and interest in and to the trademark and name SHOCKWATCH (the "Mark") in the U.S.

17. SpotSee is owner of U.S. Federal Trademark Registration No. 4,059,014 ("Trademark Registration") for the word mark SHOCKWATCH for "Impact detectors, namely, detectors for measuring and indicating when a pre-determined physical impact has been received by an article to which it is associated; [ Temperature detectors, namely, detectors for monitoring the environmental conditions a product or package is subjected to during shipping, storage or production and indicating when the product or package has been subjected to predetermined environmental conditions; Electronic temperature recorders; Electronic impact recorders; ] Tilt detectors, namely, detectors for measuring and indicating when a pre-determined degree of tilt has been received by an article to which it is associated [; Equipment monitors, namely, electronic devices for monitoring and limiting operation of forklifts, vehicle pushers, trailer movers, tugs and other motorized material handling equipment, impact detection and recording, access control,

operator certification tracking, battery voltage monitoring, safety checklist tracking and vehicle activity and maintenance alerts ]," registered on November 22, 2011.

18. The Trademark Registration is prima facie evidence of validity and of SpotSee's exclusive rights to use the mark pursuant to 15 U.S.C. § 1115. The Trademark Registration has attained "incontestable" status under 15 U.S.C. 1065. A genuine and authentic copy of the Trademark Registration is attached as Exhibit D.

19. SpotSee's brand, represented by the Mark, is a recognized symbol of high-quality and innovative products, including impact sensors. SpotSee has expended substantial time, money and other resources in developing, advertising and otherwise promoting its goods under the Mark. Goods bearing the Mark are widely recognized and exclusively associated by consumers, the public and the trade as being goods sourced from SpotSee.

20. The Mark is distinctive and was distinctive before Defendant commenced use of an identical or substantially similar infringing mark.

21. SpotSee owns the Internet domain name shockwatch.com that includes the Mark.

22. On information and belief, Defendant is using and has been using the Mark, or substantially similar variants.

23. Certain excerpts of Defendant's websites at wan-yo.com and impactindicator2.com showing certain (but not necessarily all) uses of the Mark, and variants, by Defendant, are attached as Exhibit E.

24. Defendant misleads and deceives the public, and falsely advertises, using "SHOCKWATCH." Defendant uses the Mark to unlawfully compete with SpotSee, unlawfully gain and benefit from SpotSee's reputation and goodwill, and create confusion and deception.

25. Defendant has been selling and is continuing to sell or otherwise distribute goods

and services in unlawful competition with SpotSee's goods and services and trading off of SpotSee's Mark.

26. Defendant has not been licensed or permitted to sell or otherwise distribute goods or services bearing the Mark.

27. Defendant targets consumers in the United States, and has offered to sell and, on information and belief, sold and continues to sell to consumers within the United States, goods and services that violate SpotSee's proprietary and intellectual property rights.

28. Upon information and belief, Defendant sells infringing goods and services by employing and benefitting from substantially similar advertising and marketing strategies, channels of trade, and modes of delivery to those of SpotSee.

29. Defendant has profited through infringement of the Mark. As a result of the unlawful infringement of the Mark, SpotSee has suffered and will continue to suffer damages. SpotSee is entitled to recover its damages and Defendant's profits of the infringement.

30. SpotSee has been and continues to be irreparably harmed through consumer confusion, damage to reputation and goodwill, by Defendant's use of the Mark.

31. SpotSee has no adequate remedy at law to curb the Defendant's patent and trademark infringements.

### IV.   Patent Infringement

*Count 1 -- Infringement of U.S. Patent No. 9,423,312 (the "'312 Patent")*

32. SpotSee hereby incorporates and realleges paragraphs 1 through 31 above as though fully set forth herein.

33. Claims 1 and 6 of the '312 Patent include an impact indicator including a housing having a window and a detection assembly configured to detect receipt by the housing of an

acceleration event. The detection assembly includes first and second indicias displayable thereby. The first indicia is displayed in the window in a non-activated state of the impact indicator, and in response to detecting the acceleration event, the first indicia moves out of the window and the second indicia is displayed in the window. The second indicia includes an indication of a direction of the acceleration event. As per claim 6 of the '312 Patent, the detection assembly further includes a mass member movable within the housing in response to receipt by the housing of the acceleration event.

34.     Claims 14 and 18 of the '312 Patent include an impact indicator including a housing having at least one window for displaying an indication of impact status and a detection assembly configured to alternately display within the at least one window a first, second or third indicia, wherein each of the first, second and third indicias comprises an indication of impact status. The at least two of the first, second and third indicias comprise an indication of two different impact directions. One of the at least two of the first, second and third indicias displayed within the window in response to receipt by the housing of a predetermined magnitude of acceleration event. As per claim 18 of the '312 Patent, the detection assembly further includes a mass member movable within the housing in response to receipt by the housing of the acceleration event.

35.     On information and belief, Defendants make, use, sell, offer to sell, and/or import in or into the United States an impact indicator product ("Infringing Product"), identified at least by Defendant as "Impact Indicator 2", to wit:

 

36. The Infringing Product is an impact indicator including a housing having a window and a detection assembly configured to detect receipt by the housing of an acceleration event. The detection assembly includes first and second indicias displayable thereby. The first indicia is displayed in the window in a non-activated state of the impact indicator, and in response to detecting the acceleration event, the first indicia moves out of the window and the second indicia is displayed in the window. The second indicia includes an indication of a direction of the acceleration event.

37. The Infringing Product also has detection assembly that further includes a mass member movable within the housing in response to receipt by the housing of the acceleration event.

38. The Infringing Product is an impact indicator including a housing having at least one window for displaying an indication of impact status and a detection assembly configured to alternately display within the at least one window a first, second or third indicia, wherein each of the first, second and third indicias comprises an indication of impact status. The at least two of the first, second and third indicias comprise an indication of two different impact directions. One of the at least two of the first, second and third indicias displayed within the window in response to receipt by the housing of a predetermined magnitude of acceleration event.

39. The Infringing Product also has detection assembly that further includes a mass

member movable within the housing in response to receipt by the housing of the acceleration event.

40. Defendant, by making, using, selling, offering to sell, and/or importing in or into the United States, without authority, devices under inventions claimed in the '312 Patent, has directly infringed or indirectly infringed (by contributory infringement and/or inducement of infringement), and is continuing to infringe, directly or indirectly, at least claims 1, 6, 14 and 18 of the '312 Patent in this district and/or otherwise within the United States.

41. Defendant has had knowledge of the '312 Patent, and has not ceased its infringing activities.

42. Defendant's infringements of the '312 Patent have been and continue to be willful and deliberate.

43. As a direct and proximate consequence of the acts and practices of Defendant in infringing, directly and/or indirectly, one or more claims of the '312 Patent, SpotSee has been, is being and, unless such acts and practices are enjoined by this Court, will continue to be injured in its business and property rights.

44. As a direct and proximate consequence of the acts and practices of Defendant in infringing, directly and/or indirectly, one or more claims of the '312 Patent, SpotSee has suffered, is suffering, and will continue to suffer injury and damages for which SpotSee is entitled to relief under 35 U.S.C. § 284, in an amount to be determined at trial.

45. By reason of the infringing acts and practices of Defendant, Defendant has also caused, is causing and, unless such acts and practices are enjoined by this Court, will continue to cause immediate and irreparable harm to SpotSee for which there is no adequate remedy at law, and for which SpotSee is entitled to injunctive relief under 35 U.S.C. § 283.

## V. Trademark Infringement and Unfair Competition

*Count 2 -- Trademark Infringement (15 U.S.C. § 1114):*

46. SpotSee hereby incorporates and realleges paragraphs 1 through 45 above as though fully set forth herein.

47. SpotSee's Mark is a valid, protectable trademark that has been registered in the United States Patent and Trademark Office.

48. SpotSee is the owner and registrant of the Mark.

49. SpotSee's registration of the Mark is incontestable.

50. Defendant, without authorization of SpotSee, has used the Mark in connection with the marketing, promotion and sale of goods or services in a manner that is likely to cause, and has actually caused, confusion or mistake, or has deceived consumers.

51. Defendant's infringing activities are likely to cause and are actually causing confusion, mistake and deception of consumers, as to the origin, sponsorship or quality of the infringing products and services under the Mark.

52. Defendant is continuing to infringe.

53. SpotSee has been, and continues to be, damaged by Defendant's infringements, including by suffering irreparable harm through the diminution of trust and goodwill among SpotSee's consumers and the loss of brand exclusivity and control over the quality of its goods and services under the Mark.

54. SpotSee has no adequate remedy at law.

55. In addition to damages, SpotSee is entitled to a preliminary and permanent injunction restraining Defendant from engaging in further trademark infringement and dilution causing irreparable damage to SpotSee for which it has no adequate remedy at law, and an order

of destruction of all of Defendant's infringing goods and services.

56. As a direct and proximate result of the infringements by Defendant, it has realized unjust profits, gains and advantages at the expense of SpotSee. Additionally, SpotSee has suffered substantial loss and damages to its property and business, including significant monetary damages as a direct and proximate result of Defendant's infringements. The harm caused by Defendant's unlawful conduct entitles SpotSee to recovery of all available remedies, including but not limited to actual damages, Defendant's profits, and treble damages.

57. On information and belief, Defendant's acts have been with knowledge of SpotSee's exclusive rights and goodwill in the Mark, as well as with willfulness, bad faith and intent to cause confusion, mistake or deception. As such, Defendant's conduct constitutes an exceptional case under 15 U.S.C. § 1117.

58. SpotSee also seeks the recovery of its reasonable and necessary attorneys' fees.

### Count 3 -- Unfair Competition (15 U.S.C. § 1125(a)):

59. SpotSee incorporates the foregoing paragraphs 1-58, as if stated verbatim herein.

60. Defendant, without authorization, uses and has used in commerce the Mark, and substantially similar variants, and also makes false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, which were and are likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with SpotSee, and/or as to the origin, sponsorship or approval of the Defendant's goods, services, or commercial activities.

61. Defendant is continuing to infringe and commit unfair competition.

62. SpotSee has been, and continues to be, damaged by Defendant's unlawful conduct, including by suffering irreparable harm through the diminution of trust and goodwill among

consumers and SpotSee's loss of brand exclusivity and control over the quality of its products and services under the Mark.

63. SpotSee has no adequate remedy at law.

64. In addition to damages, SpotSee is entitled to a preliminary and permanent injunction restraining Defendant from engaging in further unfair competition causing irreparable damage to SpotSee for which it has no adequate remedy at law.

65. As a direct and proximate result of Defendant's unlawful conduct, it has realized unjust profits, gains and advantages at the expense of SpotSee. Additionally, SpotSee has suffered substantial loss and damages to its property and business, including significant monetary damages as a direct and proximate result of Defendant's conduct. The harm caused by Defendant's unlawful conduct entitles SpotSee to recovery of all available remedies, including but not limited to actual damages, infringers' profits, and treble damages.

66. On information and belief, Defendant's acts have been with knowledge of SpotSee's exclusive rights and goodwill in the Mark, as well as with willfulness, bad faith and intent to unfairly compete. As such, Defendant's conduct constitutes an exceptional case under 15 U.S.C. § 1117.

67. SpotSee also seeks the recovery of its reasonable and necessary attorneys' fees.

*Count 4 -- Trademark Dilution (15 U.S.C. § 1125(c)):*

68. SpotSee incorporates the foregoing paragraphs 1-67, as if stated verbatim herein.

69. SpotSee's mark is distinctive.

70. SpotSee's mark is famous.

71. After SpotSee's mark became famous, Defendant began use or expansion of use of the SpotSee mark or name in commerce.

72. Defendant's use is likely to cause dilution by blurring or by tarnishment of SpotSee's mark.

73. The acts of Defendant complained of herein constitute dilution of the SpotSee's Mark in violation of 15 U.S.C. § 1125(c).

74. SpotSee is entitled to an injunction preventing the dilution.

75. SpotSee is also entitled to remedies set forth in 15 U.S.C. §§ 1117(a) and 1118, including but not limited to actual damages, Defendant's profits, and treble damages, as well as destruction of infringing articles.

76. SpotSee also seeks the recovery of its reasonable and necessary attorneys' fees.

### Count 5 – False Advertising (15 U.S.C. § 1125(a)(1)(B)

77. SpotSee incorporates the foregoing paragraphs 1-76, as if stated verbatim herein.

78. Defendant made a false statement of fact about its services or products in a commercial advertisement.

79. The false statement actually deceived or had the tendency to deceive a substantial segment of its audience.

80. The deception is likely to influence the purchasing decision.

81. Defendant caused the false statement to enter interstate commerce.

82. SpotSee has been or is likely to be injured as a result of the false statement.

83. SpotSee has no adequate remedy at law.

84. In addition to damages, SpotSee is entitled to a preliminary and permanent injunction restraining Defendant from engaging in further false advertising causing irreparable damage to SpotSee for which it has no adequate remedy at law, and an order of destruction of all of Defendant's infringing goods and services.

85. As a direct and proximate result of the false advertising by Defendant, it has realized unjust profits, gains and advantages at the expense of SpotSee. Additionally, SpotSee has suffered substantial loss and damages to its property and business, including significant monetary damages as a direct and proximate result of Defendant's false advertising. The harm caused by Defendant's unlawful conduct entitles SpotSee to recovery of all available remedies, including but not limited to actual damages, Defendant's profits, and treble damages.

86. On information and belief, Defendant's acts have been with knowledge of SpotSee's exclusive rights and goodwill, as well as with willfulness, bad faith and intent to cause confusion, mistake or deception. As such, Defendant's conduct constitutes an exceptional case under 15 U.S.C. § 1117.

87. SpotSee also seeks the recovery of its reasonable and necessary attorneys' fees.

### Count 6 -- Common Law Trademark Infringement:

88. SpotSee incorporates the foregoing paragraphs 1-87, as if stated verbatim herein.

89. The acts of Defendant complained of herein constitute trademark infringement in violation of the common law of the State of Texas.

### Count 7 -- Common Law Unfair Competition:

90. SpotSee incorporates the foregoing paragraphs 1-89, as if stated verbatim herein.

91. The acts of Defendant complained of herein constitute unfair competition in violation of the common law of the State of Texas.

### Count 8 -- Dilution under Texas Law:

92. SpotSee incorporates the foregoing paragraphs 1-91, as if stated verbatim herein.

93. The acts of Defendant complained of herein constitute dilution of the SpotSee's Mark in violation of Texas Bus. & Comm. Code § 16.103.

## VI. Prayer for Relief

Plaintiff ShockWatch, Inc. d/b/a SpotSee prays for the following relief against Defendant WAN-YO Enterprise Co., Ltd.:

a. A judgment that Defendants have infringed, directly and indirectly, the '312 Patent;

b. A judgment that Defendant's infringement of the '312 Patent is and has been willful;

c. A judgment and order preliminarily and permanently enjoining Defendants, their employees and agents, and any other person(s) in active concert or participation with them from infringing, directly or indirectly, the '312 Patent;

d. A judgment and order requiring Defendant to pay SpotSee damages under 35 U.S.C. § 284, including treble damages for willful infringement as provided by 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement up until entry of the final judgment with an accounting as needed;

e. A judgment that Defendant is liable for its infringement of SpotSee's SHOCKWATCH trademark;

f. A judgment that Defendant is a willful infringer of SpotSee's trademark;

g. A judgment that Defendant is liable for unfair competition;

h. A judgment that Defendant is liable for trademark dilution;

i. A judgment that Defendant is liable for its unlawful false advertising;

j. A judgment and order preliminarily and Permanently enjoining Defendant, its affiliates, officers, agents, servants, employees, attorneys, representatives, and all persons acting for, with, by, through, under, or in active concert with them, from:

(a) infringing or diluting SpotSee's SHOCKWATCH trademark;

(b) passing off, inducing, or enabling others to sell or pass off any product or

       service as those of SpotSee;

    (c)  false advertising, including falsely advertising "SHOCKWATCH;"

    (d)  committing any acts calculated to cause or that cause consumers to believe that Defendant's products or services are sold under the authorization, control, or supervision of SpotSee, or are sponsored by, approved by, or otherwise connected with SpotSee, or vice versa; and

    (e)  otherwise competing unfairly with SpotSee in any manner;

k.  A judgment and order that Defendant, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve on SpotSee a written report under oath setting forth in detail the manner and form in which Defendant, and each of them, have complied with paragraphs j., (a) through (e) above;

l.  A judgment and order that Defendant and those in privity with Defendant provide notice of the injunction to, and take action to remove from and do remove from, social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for Defendant's domain names, and domain name registrars, SpotSee's trademarks and all similar variations thereof, including to:

    (a)  disable and cease obtaining services for any accounts through which Defendant, or any of them, engage in false advertising of "ShockWatch";

    (b)  disable and cease obtaining services for any accounts through which Defendant, or any of them, engage in the sale of infringing products or services, or using SpotSee's trademarks;

  (c) disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of infringing products or services, or using SpotSee's trademarks;

  (d) freeze and cease receiving any and all disbursements of funds from any and all accounts through which Defendant engages in the sale of infringing products or services, or using SpotSee's trademarks; and

  (e) provide all transaction related information necessary to match the Defendant seller account information associated with Defendant to its payment accounts, including but not limited to credit card accounts and processors, PayPal accounts, and other commerce actors on behalf of Defendant;

m. A judgment and order that Defendant must pay to SpotSee its actual damages, plus all profits of Defendant by reason it's unlawful acts, and that such amount be increased by a sum not exceeding three times the amount thereof;

n. A judgment and order for a full accounting under supervision of the Court of all profits, income, receipts and other benefits derived by Defendant as result of its unlawful conduct;

o. An award of prejudgment and post-judgment interest;

p. An award of all costs of this action;

q. An award of reasonable and necessary attorneys' fees; and

r. Such other and further relief as the Court deems just and equitable.

## VII.  Demand for Jury Trial

Plaintiff SpotSee hereby demands that all issues be determined by a jury.

Respectfully submitted,

DATED: November 29, 2023

/s/ H. Dale Langley, Jr
H. Dale Langley, Jr.
Texas Bar No. 11918100
The Langley Law Firm, P.C.
1803 West Avenue
Austin, Texas 78701
Phone Number: 512-477-3830
Facsimile: 866-735-9129
Email: dlangley@iptechlaw.com

**ATTORNEYS FOR PLAINTIFF
SHOCKWATCH, INC. dba SPOTSEE**